IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BUZZBALLZ, LLC, | § § § | |
| *Plaintiff,* | § § § | SA-24-CV-00692-JKP |
| vs. | § § § | |
| THE BEVERAGE RANCH, LLC, | § § § | |
| *Defendant.* | § § § § § | |

## **ORDER**

Before the Court is Defendant The Beverage Ranch, LLC's Emergency Motion to Stay Pending Ex Parte Reexamination Addressing All Asserted Claims of the '162 and '955 Patents [#22]. This case was referred to the undersigned for all non-dispositive pretrial proceedings [#8]. On April 10, 2025, the Court ordered expedited briefing on Defendant The Beverage Ranch, LLC's Emergency Motion to Stay Pending Ex Parte Reexamination Addressing All Asserted Claims of the '162 and '955 Patents [#22]. The Court held a hearing on the motion on April 15, 2025, at which the parties appeared through counsel via Zoom. The Court will deny the motion for a stay. Defendant may refile its motion once the PTO has decided whether to grant its two petitions for reexamination.

District courts have broad discretion in deciding whether to stay a case in PTO proceedings, including *ex parte* reexaminations. *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-CV-852-RP, 2024 WL 5169808, at *1 (W.D. Tex. Apr. 11, 2024) (first citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997); and then citing *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-CV-00899, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021)). The Court is to consider three factors when making this determination: "(1) whether the stay will unduly prejudice the nonmoving party; (2)

1

whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying the case before the court." *Id.* (quoting *TC Tech. LLC*, 2021 WL 8083373, at *2). The burden is on the movant to demonstrate that a stay is warranted. *Blephex LLC v. Pain Point Med. Sys. Inc*, No. 3:16-CV-0410-N, 2016 WL 7839343, at *1 (N.D. Tex. Nov. 3, 2016) (citing *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015)).

As to the first factor, competition between parties weighs in favor of finding undue prejudice. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). The absence of a request for injunctive relief may weigh against a claim of undue prejudice, though not necessarily. *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, No. W-20-CV-00969-ADA, 2022 WL 4240937, at *2 (W.D. Tex. Aug. 16, 2022). As to the second factor, courts in this District have generally held that a case is at an early stage where little or no discovery has occurred, and the *Markman* hearing has not been held. *Nobots LLC v. Google LLC*, No. 1:22-CV-585-RP, 2024 WL 925553, at *3 (W.D. Tex. Mar. 4, 2024); *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022). The third factor—simplification—is often called the most important factor. *See, e.g.*, *VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-CV-00254-ADA, 2022 WL 2718986, at *4 (W.D. Tex. July 12, 2022) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-01058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)).

Defendant filed its motion for a stay on April 9, 2025 [#22]. At that point, it had not yet filed either of its petitions for reexamination to the PTO. Defendant later represented to the Court at the hearing held on April 15, 2025, that it filed its petition for reexamination of the '955 Patent on April 14, 2025, but had not yet filed its petition for reexamination of the '162 Patent.

2

First, the Court finds that the undue prejudice factor weighs against a stay—albeit not heavily. As direct competitors, the Court may presume prejudice will occur. *VirtualAgility Inc.*, 759 at 1318. It is true, however, that Defendant will continue to sell its products that allegedly infringe Plaintiff's patents regardless of whether the case is stayed. This factor therefore slightly weighs against granting a stay.

Second, this case is close to the line where courts in this District generally call the litigation "advanced." Defendant has already produced over 30,000 documents; the parties have severed preliminary invalidity contentions; the parties have exchanged proposed claim constructions; the parties have disclosed extrinsic evidence; and Defendant has already filed its Opening claim construction brief. On the other hand, the *Markman* hearing has not yet occurred. The Court therefore finds that this factor weighs only slightly in favor of a stay.

Lastly, the Court finds that Defendant as the movant has not met its burden of demonstrating to the Court that granting a stay will result in simplification of the case. Whether the PTO will grant the petitions to reexamine the Alleged Patents is yet to be determined; in fact, one of the two petitions has still yet to be filed. Defendant's request is premature, as the questions of which petitions will be granted and whether any issues will be simplified are too speculative.

The Court concludes that, at this point in the litigation, a stay is not warranted. The Court will deny the motion without prejudice. Once the PTO has decided whether to grant Defendant's petitions for *ex parte* reexamination, Defendant may refile the motion, at which point the Court will reconsider its decision.

**IT IS THEREFORE ORDERED** that Defendant The Beverage Ranch, LLC's Emergency Motion to Stay Pending Ex Parte Reexamination Addressing All Asserted Claims of the '162 and '955 Patents [#22] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

SIGNED this 21st day of April, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE