IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BUZZBALLZ, LLC, | § | |
| | § | |
| *Plaintiff,* | § | SA-24-CV-00692-JKP |
| | § | |
| vs. | § | |
| | § | |
| THE BEVERAGE RANCH, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action is Defendant The Beverage Ranch, LLC's Third Emergency Motion to Stay Pending Ex Parte Reexamination [#35]. This case was referred to the undersigned for all non-dispositive pretrial proceedings [#8]. On April 21, 2025, the undersigned denied Defendant The Beverage Ranch, LLC's Emergency Motion to Stay Pending Ex Parte Reexamination Addressing All Asserted Claims of the '162 and '955 Patents [#22]; the denial was without prejudice to refiling upon the Patent and Trademark Office ("PTO") making its decision regarding Beverage Ranch's two petitions for *ex parte* reexamination. On May 15, 2025, the undersigned denied by text order Defendant The Beverage Ranch, LLC's Second Emergency Motion to Stay Pending Ex Parte Reexamination [#33], as the PTO had only made a determination as to one of Beverage Ranch's petitions. On June 3, 2025, Beverage Ranch filed the instant motion, informing the Court that the PTO had granted both of Beverage Ranch's petitions for *ex parte* reexamination. As stated at the hearing on June 9, 2025, the undersigned will deny Beverage Ranch's motion to stay the case.

District courts have broad discretion in deciding whether to stay a case in PTO proceedings, including *ex parte* reexaminations. *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-CV-852-RP, 2024 WL 5169808, at *1 (W.D. Tex. Apr. 11, 2024) (first citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997); and then citing *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-CV-00899, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021)). The Court is to consider three factors when making this determination: "(1) whether the stay will unduly prejudice the nonmoving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying the case before the court." *Id.* (quoting *TC Tech. LLC*, 2021 WL 8083373, at *2). The burden is on the movant to demonstrate that a stay is warranted. *Blephex LLC v. Pain Point Med. Sys. Inc*, No. 3:16-CV-0410-N, 2016 WL 7839343, at *1 (N.D. Tex. Nov. 3, 2016) (citing *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015)).

The majority of the undersigned's reasoning in the April 21, 2025, order applies with equal force today. As to undue prejudice, because the parties are direct competitors, the Court may presume that prejudice will occur. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Like before, this factor weighs against granting a stay. As to the stage of the litigation, the parties have already completed significant discovery, and they have already filed their claim construction briefings for the *Markman* hearing, which is due to take place later this same week. The undersigned therefore finds that this factor now weighs against a stay.

Lastly, as to simplification, the undersigned finds that Defendant as the movant has again not met its burden of demonstrating that granting a stay will result in simplification of the case. The chance that all of the claims will be canceled by the PTO is very low. Moreover, the undersigned is

not convinced by Beverage Ranch's argument that, even if some claims survive the *ex parte* reexamination, the Court will benefit from the PTO's expertise. As Beverage Ranch itself emphasized multiple times at the hearing on June 9, 2025, the Asserted Patents are not complex. The undersigned therefore finds that, under the circumstances of this case, the potential usefulness of the PTO's expertise does not weigh in favor of a stay. The possible simplification of the case remains too speculative. Thus, the undersigned will deny the motion for a stay, and the *Markman* hearing will proceed as scheduled.

As the undersigned explained during the hearing, if the parties have questions about courtroom technology, they should contact Abigail Chaparro, Courtroom Deputy, at txwdml_chambers_sa_judgechestney@txwd.uscourts.gov. Defendant indicated it may be presenting a witness via Zoom. If so, Defendant should contact Ms. Chaparro to make arrangements at least one day prior to the hearing. Finally, any party that plans on utilizing courtroom technology during the hearing should refer to the Courtroom Technology Guidance information on the U.S. District Court, Western District of Texas website: San Antonio Courthouse Courtroom Technology – U.S. District Court (uscourts.gov).

Thus, in accordance with the foregoing:

**IT IS THEREFORE ORDERED** that Defendant The Beverage Ranch, LLC's Third Emergency Motion to Stay Pending Ex Parte Reexamination [#35] is **DENIED**.

**IT IS FURTHER ORDERED** that the *Markman* hearing scheduled for June 13, 2025, at 10:00 a.m. Central Time, will take place in **Courtroom E** at the United States Courthouse, 262 West Nueva, San Antonio, Texas, 78207.

**IT IS SO ORDERED**.

SIGNED this 10th day of June, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE